UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUSTIN RANDALL                                              PLAINTIFF

VERSUS                              CIVIL ACTION NO. 1:13CV431-HSO-RHW

STATE OF MISSISSIPPI et al                                  DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Justin Randall filed a 28 U.S.C. § 2254 petition for writ of habeas corpus on November 18, 2013.  Doc. [1].  In his petition, he alleges that his Sixth Amendment right to a speedy trial is being violated.  Respondents filed a motion to dismiss on March 6, 2014, which they later supplemented on May 9, 2014.  Docs. [6] & [8].  In their motion, Respondents argue that Randall's petition should be dismissed for failure to exhaust state remedies and, to the extent that his petition is interpreted solely as a request to be brought to trial, the petition should be dismissed because it is now moot.

Randall was indicted on December 12, 2008, in Pearl River County on charges of commercial burglary and possession of stolen property.  Doc. [6-2] at 1.  Randall was served with the indictment on December 22, 2008, and bail was set at $7,000.  *Id.*  Randall failed to appear in Court for a scheduled hearing on February 2009.  *Id.*  The court issued a bench warrant for his arrest on March 13, 2009.  *Id.*  On July 23, 2009, the Pearl River County Sheriff's Office discovered that Randall was incarcerated in Caddo Parish, Louisiana.  *Id.*  On that same day, the Pearl River County Sheriff's Office placed a detainer on Randall for "uttering forgery".  *Id.* at 2.  On December 11, 2009, Randall was convicted on unrelated charges in Louisiana and sentenced to 8 years in custody of the Louisiana Department of Corrections.  Doc. [1-1].  Randall is

currently incarcerated at the Jackson Parish Correctional Center in Jonesboro, Louisiana.

On July 19, 2012, Randall filed a request for speedy trial in the Pearl River County Circuit Court.  Doc. [6-2] at 2.  On February 14, 2013, he filed an application for writ of mandamus.  The Pearl River County Circuit Court denied the motion for speedy trial on May 28, 2013.  The Mississippi Supreme Court subsequently denied the application for writ of mandamus on May 31, 2013.  Doc. [1-3].  Randall then filed an application for judicial review and application for writ of mandamus which the Mississippi Supreme Court denied on August 1, 2013.  Doc. [1-4].  The Mississippi Supreme Court denied his petition for writ of certiorari on October 29, 2013.  Doc. [1-5].  He then filed the instant § 2254 petition on November 11, 2013.  Doc. [1].  Respondents' filed the motion to dismiss based on Randall's failure to exhaust state remedies.  Doc. [6].

On April 24, 2014, Randall appeared in the Pearl River County Circuit Court and pleaded guilty to uttering forgery.  Doc. [8-1].  The court sentenced Randall to a term of five years to run concurrent with his sentence in Louisiana, with credit for time served.  *Id.*  The pending charges for commercial burglary were *nolle prossed*.  Doc. [8-2].  Respondents amended their motion to dismiss and argued that habeas petition is now moot.  Doc. [8].

## Law and Analysis

Randall filed the instant petition pursuant to 28 U.S.C. § 2254, though at the time of filing he actually was a pretrial detainee with respect to the charges in Mississippi.  His petition for federal habeas relief as to those charges are governed by 28 U.S.C. § 2241.  *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  It is undisputed that Randall entered a guilty plea and has been sentenced to the charged offense in Pearl River County Circuit Court.  *See* Doc. [8-

1].  Accordingly, to the extent that Randall's petition is interpreted as a request to be brought to trial, the issue is now moot because the lawfulness of his pretrial detention is no longer in controversy.  *See Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988); *see also United States v. Jennings*, 891 F.2d 93, 95 (5th Cir. 1989)(holding that guilty plea waives any non-jurisdictional defects preceding the plea).

To the extent that Randall sought, as a pre-trial detainee, to have the charges dismissed against him based on a speedy trial claim, this claim is without merit.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973)("federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.").  The Supreme Court has held that a habeas petition may not disrupt pending state criminal proceedings by attempting to litigate constitutional defenses prematurely in federal court.  *Braden*, 410 U.S. at 493.  Randall's request to have charges dismissed against him based on a speedy trial claim is not attainable through federal habeas corpus.  *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976).  The undersigned concludes that Randall's habeas petition is either moot or fails to state a claim and therefore should be dismissed.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Respondent's [6] Motion to Dismiss be GRANTED and that Justin Randall's habeas petition be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 29th day of October, 2014.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

4